Case number 16-5138. Citizens for Responsibility and Ethics in Washington Appellant v. United States Department of Justice. Mrs. Sobel for the appellant. Mr. Havman for the appellee. Good morning, Your Honors, and may it please the Court. David Sobel for The District Court reached erroneous conclusions with respect to both the Exemption 5 claim and the agency's privacy claims. Five and a half years ago, the FBI articulated numerous exemption claims with respect to the documents, but Exemption 5 was not among the claims that the agency articulated. Can I just make sure I understand the facts? Certainly. I mean, as I understand it, the document, there's only one document that they're claiming Exemption 5 for? Six pages of one document. That's correct. Six pages of one document. And it seems to be pretty core, attorney-client, work product, deliberative process, whatever you want to call it, type material. Kind of the crown jewel, so to speak, this description of why the FBI ultimately, and or DOJ, were ultimately going to decline prosecution of delay, correct? I'm not sure I would characterize it as so clear, Your Honor. That's the agency's assertion. The agency has asserted that. Okay, so... But of course, it's appellant's position that that argument had been waived. So I'm not prepared to go to the merits of it because our position is that the merits are not properly before the court. Okay. Well, I guess what I'm trying to understand factually, though, is that the... I guess, is the position of... Is your position that there's no human error here? Because human error is one grounds for, I guess, relief from the waiver. And if there's not human error here in the kind of classic context of, we didn't know that this document existed before, and now that we do, we're claiming an exemption for it. Then what is your exact understanding of the facts or the position? Your Honor, if your question concerns whether or not there has been human error, I can't answer that because the government has not asserted that. It didn't... The government doesn't assert either one of the MADAC exceptions, correct? That is correct, Your Honor. So we're talking about the new exception created by the district court, right? They're not claiming the stake and they're not claiming change in law, right? That is correct, Your Honor. In fact, the district court expressly found that there had been no mea culpa, as the court put it, or any explanation as to why this occurred. Right. So can I ask you, let's assume it doesn't fit within any of the four squares of any of the exceptions that have been laid out before. What purpose is served by applying waiver or forfeiture here? If we know, if no one's making an argument about whether the documents, in fact, are privileged, the document, in fact, is privileged, no one is making an argument that the district court has to undergo some burden that it wouldn't otherwise have undergone because the district court went ahead and addressed the merits. So what... I'm not saying that it's not... I don't wanna deal with precedent right now. I'm just saying, what purpose is served by applying forfeiture in this context? Well, I think it's all about precedent. I mean, I think that's an answer. It's this court's interest as it has expressed it in a judicial finality. Well, then suppose I read our precedent to say that these are two exceptions that we've recognized before, but nothing in that, it's not a statute, nothing says we can't recognize another exception if a circumstance comes before us that says, here's a situation in which it just doesn't make sense to apply forfeiture. Suppose I read the precedent to say that. I suppose the court could do that, but I wonder what that exception is and why it wouldn't apply to virtually any situation in which the agency... First of all, you agree, don't you, in response to Judge Srinivasa? The MADAC exceptions are not the only... The court doesn't say these are the only two, right? No, but the... It doesn't say that, so... No, that's correct. Okay, so courts can fashion third or fourth exceptions to MADAC, right, as long as they're not inconsistent with... I suspect theoretically that's correct, but I... Why theoretically? I don't... Well, the court should do what it does. That, of course, is clear and undisputed. The question is what that standard would be that the court could possibly articulate in this case, where the agency has offered no explanation, the agency explicitly itself cited MADAC five and a half years ago. No, I think the agency's explanation is complete mess up. This was something that we always should have recognized was privileged. We just messed up. It's not... It turns out it's privileged. We should have asserted the exemption. We just didn't. But there's no purpose served by applying forfeiture in this context because there's no burden. Nobody's got a cost. The district court didn't undergo a burden because the district court went ahead and addressed it on the merits. There's just no purpose served. There is a cost. There's no judicial finality as the fact that we're back here the second time indicates. But there's never judicial finality whenever you have an exception to forfeiture. So the question is, why not? You already have some exceptions to forfeiture. Why wouldn't you have one here if there's no cost? If there's no cost being... Well, Your Honor, maybe I don't understand the question, but I think that could always be said that there's no cost if... No, I don't think so. Because just to... If a district court feels that it's been burdened, and then the district court says, I don't wanna go down this. You should have raised this a long time ago. I don't wanna go down this. And the district court says, for whatever reason, there's a burden here, then I don't know that an appellate court is in a position to tell a district court, look, we don't agree with you that you've been burdened. But here we have the opposite circumstance in which the district court went ahead and addressed it. And I'm not saying that you lose. I'm just wondering what is the purpose being served by applying forfeiture here? Well, I think as the court has articulated, there are two fundamental policy considerations. One is judicial finality, which is the court's interest. But from the requester and the public interest, it's promptness of resolution of requests for documents. And I don't think there can be any argument that this has not been a process that has been prompt. If the agency can continually go back to the drawing board and try out one argument, and if it doesn't succeed, come back with a new exemption argument, then there's no end to the process and it's not prompt. I guess with respect to promptness, it's just that we've already under... We've already had that cost in this case because we've already reached the merits in the district court. So I don't understand. I'm not sure I follow what the purpose is at this stage of the proceedings in this case, where this case stands, what is served by applying forfeiture. That's what I'm not completely understanding. Well, again, it's promptness, it's judicial finality, it's everything this court has addressed. And to make an exception under these circumstances would, in my view, render MADOC a dead letter. I don't know what's left of MADOC if under the circumstances present here, any agency could belatedly, five and a half years after the initial proceeding, come back on remand and raise another exemption claim in the first instance in the district court. So I think those are the interests that the court has clearly articulated in the past. Do you have any questions about that? No. I was gonna move you on to the... Are you okay? Yeah. Okay. I wanna change subjects and take you to the 7C question. Yes, Your Honor. And specifically, I wanna ask you about the Rudy Scanlon... The documents relating to Rudy Scanlon. Okay. So we know from Crew One that they all have privacy interests in the contents of their files, right? Well, Your Honor, I don't think the status of the third party privacy interests were really addressed head on in Crew One. But as a general matter, yes, there are privacy interests to consider. So what I wanna ask you about is a second part of the Favish element, which is that the information is likely to advance the public interest, which is strong. Crew One says there's a powerful public interest here. Correct. Okay. So tell me exactly how revealing these files, these particular files with respect to these people is, quote, likely to tell us anything about how the government acted with respect to DeLay. Your Honor, I think the government and the FBI and the district court themselves really provided the reason to that by... What is the reason? What is the reason? Tell me. That's the question I'm asking you. Well, what they said was that that information would reveal more about Mr. DeLay's activities. And of course, Mr. DeLay's activities and his associations and his connections were at the heart of the investigation. So if there's a public interest in understanding the strength of the evidence that was weighed as the court recognized there was in Crew One, then understanding those connections and associations and relationships is critical. I would refer the court to one page from... This is the cover page of the document that's most at issue in this case, the document from which the exemption five withholdings have been made. This is in the joint appendix at 296. It's a partially redacted document, but you see that there are names redacted, there are the privacy exemptions claimed. And to answer the judge's question specifically in terms of what the names would reveal, the document says, blank, conspired with DeLay to commit on its services fraud. So this was a conspiracy investigation. And if the names of the individuals other than Mr. DeLay who were alleged and investigated for possible conspiracy are not revealed, particularly individuals who've already been convicted and have therefore, in our view, have a very small, if any, privacy interest, then it's clear what the public interest is in understanding the nature of that relationship as it was investigated by the FBI. And I just want to follow up a question on that. So this document, if we identify the person who's alleged, who's thought to have perhaps conspired to commit on its services fraud, we don't know that whatever we already know is public about that person necessarily maps on to the description here. We don't, Your Honor. Yeah. But this illustrates the importance of names generally that have been withheld. Now, there might need to be a balancing made if these names are not individuals who have been identified in the record, primarily those who were named in the press releases and who were convicted. If it's some third party that none of us have ever heard of up until this time, then maybe there is an argument that that should be withheld. I guess my point is this. Suppose that we know that it is actually a name that has been identified in a press release or something. We still don't know what was the identification. Let's say it was a press release that identified the person with respect to something other than what's described here. Then there's still a privacy interest in not being associated with the description here. I'm not sure I understand what that privacy interest is. It's the same one that exists for someone who hasn't been named, which is that they don't want to be implicated in this conduct. But the government itself, the FBI has said this was a wide investigation involving a tapestry of relationships of individuals. This was part and parcel of one investigation. As this document itself says, this was the delay piece of the larger investigation. So I'm not clear what harm would result. So your view is that as long as someone's been publicly identified as involved in this investigation in some way, whatever the documents say about that person, they have no longer a privacy interest? Whatever the documents say with respect to their involvement in the criminal investigation that was relevant to the FBI's conclusion. Even if the stuff that's in the document that's thought to be disclosed has nothing to do with the public release. They were charged with viewing a pornography. There's some suspicion that they're viewing pornography. There's just stuff in the 302s or other documents that don't have anything to do with the subject of the public release. Your Honor, if it had nothing to do with the investigation that was being conducted into Mr. DeLay and his relationships as they related to corruption investigations, then maybe there would be that argument. But that doesn't appear to be the case. I'd like to reserve the rest of my time. Thank you, Your Honors. Okay. Thank you. May it please the Court, we'll have then on behalf of the Department of Justice. This appeal presents two issues, both of which the District Court resolved correctly. And just to begin with the Exemption 5 issue, the District Court did not commit an abuse of discretion in this case when it concluded that when it allowed the FBI to invoke Exemption 5 on remit. And what the District Court did is it recognized the general presumption that this Court has announced that agencies ought not to be allowed to do so in normal circumstances, but recognized the circumstances of this case warranted an exception. And that is because the District Court concluded that the exemption obviously applied to the material at issue, and indeed Crew did not dispute. But you agree, right, neither of the articulated exceptions in MADAC apply to this case? Well, I'm not sure that that's right. Really? There's not information on the record on that point. Well, but the government doesn't claim either one of them, does it? Well... Does it? We did not claim below, and we have not asserted in our brief that this was an error or that... Yeah, right. Okay. So that's number one. And you haven't claimed change in law or anything, correct? That's correct. Okay. So we now agree, and we all agree that, at least I do, that the two MADAC didn't limit it to those two. Courts can articulate... That's right. As this Court described it in August, MADAC announced a flexible approach to these questions. Yeah, exactly. So how do you... Doesn't the approach the District Court here took just eviscerate MADAC? I mean, doesn't it... It eviscerates... It allows agencies to assert exemptions later in the proceedings? It did in this case, but I do not think that it is fair to characterize that as an evisceration of MADAC. And the District Court recognized that there would be circumstances in which this would not be permitted. But the Court recognized that because this did not cause any delay to the proceedings, and the District Court did make a finding on that fact. That's on page 307. What do you do with our decision in Washington Post versus HHS, where we said even where the litigation would not be shortened, it doesn't make any difference because efficiency cannot be purchased at the expense of fairness. The timeliness rule is concerned not just with efficiency in a given case, but also with efficiency in the long run. That's what we said in Washington Post. Right. So it doesn't really make any difference, at least under our case law, whether or not the request would delay the particular case. Right? I think that that is a fair characterization of the Washington Post case, although I do note that in the Washington Post case, the plaintiff in that case, Washington Post, did dispute that the newly invoked exemption, it was Exemption 4, but it was also a privilege claim, did apply. And there was a long back and forth in the District Court proceedings over whether it applied, and Washington Post continued to maintain on appeal that it applied. And I think that that is relevant to So that goes to delay in the particular case, but if Washington Post speaks in terms of long-term delay as a linchpin of why you would apply the forfeiture rule, how do you distinguish that for purposes of this case? Well, I would do it in the same way that the Court did a year later in the Senate of Puerto Rico case. And that was a case where there was indeed a delay caused by the new invocation of an exemption. But what the District Court held in that case was that the delay or that the newly invoked exemption was not done for purposes of delay. It was done in good faith. And even though the question had already been briefed, even though summary judgment had already been briefed in that case on the 7A issue, the District Court allowed an entirely new round of briefings. So that also has to do with the possibility of delay in the particular case. I guess what I'm struggling with is how do you square the recognition of an exception, not an exemption, an exception here that allows the exemption to be asserted with the language that Judge Tatel pointed to in Washington Post dealing with long-term consequences? Well, this Court has endorsed a flexible approach to these questions. And one of the questions that I think if you look through Well, flexibility doesn't mean that we can ignore Washington Post. Washington Post says the delay question is a long-term issue. Right. Not case-specific. And I understand that point. And the District Court invoked it in a case-specific way in this case. That is true. But I also think that a number of other factors have been deemed relevant by this Court as to whether or not to permit these sorts of belated exemptions. And one of them is whether this was an attempt to game the system, whether it was an attempt The District Court thought there was no evidence of gamesmanship because the That's right. But the District Court also, I mean, I don't understand that. I mean, the District Court itself says that the FBI and the criminal division made their own independent judgment in responding to Cruz's FOIA request. It was a, quote, decentralized process. So just because the criminal division doesn't mean that there wasn't any gamesmanship, I don't know whether there was gamesmanship or not. That's irrelevant. But the District Court said there isn't gamesmanship because the criminal division invoked Exemption 5. And that makes no sense because the District Court itself said these two offices operated totally independently. I don't know if it's fair to say that it makes no sense. I mean, both of the DOJ and the criminal division were represented by DOJ counsel below. And I also think that there is another factor that goes to gamesmanship, which is, as Cruz points out, that the FBI did invoke, fully consistent with its MADAC obligations. It did evoke various other exemptions below. And it did make the good faith effort to comply with its MADAC responsibilities. And this is an exemption that fell through the cracks. And although that is not information on the record, I do think that that is relevant to the analysis this Court has set forth. This is an exemption that fell through the cracks. There were thousands of potentially... But you see, of course it did. But MADAC, that's not one of the MADAC exceptions. And if that is an exception, then the two exceptions we articulated in MADAC really don't mean anything. Again, I don't think that that's right. And I would urge the Court to look at the Senate of Puerto Rico case. Because I really do... The Senate of Puerto Rico case? And that is a case where, again, there was an invocation of new exemptions. By the way, a pre-MADAC case, correct? No, it's a post-MADAC. Oh, it is a pre-MADAC case, but it's a post-Washington post-case. Yeah, but it's a pre-MADAC case. That's correct. But obviously... Because it was a changed circumstance. It was a completely changed circumstance in that case. I don't know if that's true. So it fell under one of the MADAC exceptions. But in the same situation as here, which is there was an invocation of Exemption 7A. No, but the changed circumstance in the Senate case... What's the name of the case again? The Senate of Puerto Rico. Yeah, the Senate of Puerto Rico case. It wasn't the invocation of the exemption. That would be true. If that's the changed circumstance, then the exception follows the rule, right? Right. No, I want to be clear. The change, I think, if this Court views that as a changed circumstance case, the changed circumstance was that the government had invoked 7A, and then the underlying proceedings and related proceedings went away. Right. And that is similar to what happened here. That is, we invoked 7A, the related proceedings went away, and so this Court in the last appeal said 7A no longer applies. And then on remand, the government invoked a new exception. And that's what happened more or less in the Senate of Puerto Rico with one distinction, that there was no remand, that this all happened when the case was in district court. But I do want to emphasize again that that did cause delay to the district court proceedings, but this Court concluded on appeal that because the district court had made a finding that this was done in good faith, because the district court had made a finding that there was no attempt to gain litigation, that that was not an abuse of discretion. And what this Court would need to do to conclude... Let's go back. Can we just go back to what MADAC says? MADAC is the law of this Court, the law of this circuit. The first exception is... First of all, it says it can be an exception in those, quote, extraordinary circumstances where, for pure human error, it failed to invoke the proper exceptions and will have to release information compromising national security or sensitive personal private information. Now, none of that applies in this case. And if the district court's view about this is right, then that exception basically is eviscerated. I don't think that that's right. I mean, one of the circumstances that MADAC contemplates is when the government has made an error. And that is what happened here. The government made an error. And I recognize that that is not in the record below, but it is a representation that I can make. Well, we can't deal with that. I mean, you know, we have a record to deal with. And besides, the error is not the only thing. It has to also be release information compromising national security or sensitive personal private information. As this court interpreted that language in the August case, this court interpreted that language as providing a non-exhaustive list and as, quote, providing for a flexible approach to these questions. And this court has always recognized that district courts maintain a great deal of discretion on these issues, particularly where the district court makes findings of the kind that they might hear. So how did you define the extra? Let's stipulate to the assumption that you need to define an extra exception, that it doesn't fit within any of the two exceptions that were outlined before. How do you define the extra exception in a way that doesn't render the first two exceptions irrelevant? What is this category? Stipulating to the fact that we need to create a new exception. This is a category in which the district court concludes that there is no prejudice to the party who is assertive to the plaintiff in the case. And that is what the district court concluded here, that there was no prejudice to crew, that this was not litigated during the first proceedings, but that it obviously applied. The crew didn't dispute that it didn't apply, that this is important.  And therefore, the court would exercise its discretion to allow it. And I don't think that this court needs to conclude that it would make the same decision itself. But this court would need to conclude to reverse the district court's conclusion that that was an abuse of discretion. Well, district court abuses its discretion when it violates circuit law. Right. But I think that the district court expressly recognized the MAVAC responsibilities of the government,  and concluded that under the facts of the statute. Let me ask you about 7C. What's your response to Mr. Sobel's answer to my question about why is it likely that this information will tell us anything about the decision not to prosecute DeLay?  And that document he read at Joint Appendix 34 says, blank, conspired with, right, with DeLay. That's right. So what's the argument that that isn't enough? My argument that it is not enough is that this court has entertained that kind of argument before, and it has always concluded that it's not enough. And I would point the court to the fund for constitutional government case. That was a case in which the plaintiffs were seeking records related to the Watergate scandal. And just as the plaintiffs here are arguing that there is a conspiracy that knowing the identities of the people at issue would be relevant to the public's learning about a very important matter, the Watergate scandal, this court concluded that that was insufficient. And this court has always characterized the interest in knowing people's identities as opposed to the rest of the documents as weak. And in this court's previous appeal of this case, this court, I think, all but recognized that fact. This court rejected the categorical withholding of all responsive documents. But it also said, it also recognized, and this is a quote, that disclosure of the identities of private citizens mentioned in law enforcement files constitutes an unwarranted invasion of privacy and thus many of the other individuals listed in Crewe's FOIA requests have substantial privacy interests in preventing the disclosure of their names in law enforcement files. And I do also want to pick up... Well, it also said it wasn't deciding. That's right. So I certainly don't dispute that that was dicta, but I think that it's hard to imagine... So you mentioned the Watergate case. Is there another one? You said there were a couple. Sure. So I think that it is fair to characterize Crewe's argument here as one that is made in the mind run of these cases. That is, you have... Whenever plaintiffs, or it is common for plaintiffs when they are asserting that they need to know the names of people in law enforcement files, that that will help them not just learn who the people are, but it will help them put together the pieces of what the government has done with respect to those investigations. And this court, again, has always rejected that fact. Okay. Anything else? With respect to those people for whom there is some disclosure of their association with the investigation, what's your response? Because at that, it's not a third party that's remained totally out of the field of vision at that point. That's true. They're not totally out of the field of vision, but my response would be to pick up on a question that you asked my opposing counsel. There's no showing that the information in these records matches or is in any way a tantamount to the same thing... The district court looked at the documents. The district court did not review the documents on camera? No, but that's my question. We don't know the answer to your question. It's conceivable, as Judge Srinivasan asked Mr. Sobel, that the information here has absolutely nothing to do with the delay investigation, like maybe looking at pornography. But suppose these files actually contain specific information about evidence relating to one of the people who was convicted or pleaded involved in a conspiracy with DeLay. Suppose it showed that. Again, the information that Crewe has pointed to in the public domain is the fact of various people's convictions and certain DOJ press releases. That's what they've shown. So with respect to that information that is already in the public domain, it is certainly true that the people named in the files have a lower interest. But Crewe has made no real attempt to show that the information that it is trying to get matches information in the public domain. And this court's case law is clear that that is Crewe's burden of production. And the district court, when faced with this kind of argument, said Crewe had not met that burden because it had not showed that the information that it seeks or that the privacy interests with respect to the people whose identities it wants disclosed is already diminished by virtue of information that's in the public domain. And this court has, again, faced that kind of argument before it, faced that kind of argument in the Fitzgibbon case, in which there was information about the person whose identity was at issue already in the public. Let me just make sure that factually we're on the same page here. As I understand it, there were a couple hundred or so pages of documents that were withheld in their entirety, but those aren't before us on appeal, right? I'm not sure. I thought that all that's before us on appeal are the pages that were provided, but there were redactions of names as opposed to the pages that were withheld in full. Am I wrong about that? All that is on appeal is the exemptions with respect to 7C and 6. And I believe that Your Honor is correct that all of the pages on which that material was at issue are pages that were provided to the plaintiffs, but in redacted form. But I'm not positive of that fact. It may be that there are some pages that were so sort of rife with private information that they were withheld in their entirety, and I just don't know. Well, maybe on rebuttal we can get clarity from appellant on that. But let's suppose that what we're fighting about here are pages where there were redactions. I'm putting aside the Exemption 5 issue or the Exemption 7C issue. And let's suppose all of the people whose names were redacted on these pages are people who were convicted of some crime as part of this investigation. Let's suppose that's those artifacts. What's the argument for why under the balancing that's supposed to take place under 7C that it would be appropriate to redact those names? The argument is, and I think that I don't want to quibble with the hypothetical, so I will answer it, but then I will quibble with it afterwards. So the answer is that this Court has always recognized and the Supreme Court has recognized that the fact that the public knows something about a person's criminal history does not mean that that person loses all privacy interests in other disclosures with respect to possible crimes that they may have committed. And you see that in the Reporters Committee for Freedom of the Press case, which of course involved rap sheets, so these were people who were convicted for the underlying crimes that were involved in the rap sheets or at least indicted or otherwise associated in the language of proof. And I also point, again, to the Senate of Puerto Rico case, which I do think is really on all fours with this case because that was a case where the individuals named in the responsive records were people who had been convicted in the related proceedings that had terminated. I'm a little confused by your answer. Maybe it's just that I don't understand this. But I thought the way we were supposed to – aren't we all assuming that the name – Sobel – what's the other guy's name? Sobel – no, it's Sobel, I'm sorry. Excuse me, Mr. Sobel. These two named people plus the names in the press release, all right? Have a privacy interest in their files. We know that. That's what Crew 1 says, correct? That's right. Okay. So then the question is how do we balance that against public interest in release, correct? That's right. And we know from Crew 1, right, that the information that the plaintiffs seek here is likely – we know that – is likely to promote that interest, right? So – no, I'm sorry. We know that there is a weighty public interest. That's what we know from Crew 1. We know that there's a privacy interest and a weighty public interest. The only question – just tell me if I'm wrong – is that the question is what they seek likely to promote the public interest of finding out why DeLay was not prosecuted. I think that is exactly right. That's the question, right? That's right. Yes. Okay. And your answer to my question about the conspiracy and the tapestry and all that is that that's not enough. The conspiracy – the fact that we know that there was a conspiracy is by itself not enough. And in support, you cite the Watergate case. That's right. Okay. That is right. And I think that it is fair to characterize plaintiffs in these cases as making that argument all the time. And what this Court has said in response to those arguments is it has announced a strong presumption that it is even called categorical rule that the identities of people named in law enforcement files are exempt unless they are needed to corroborate credible evidence that the agency is engaged in illegal conduct. But all the names that I'm talking about, Rudy, Scanlon, and everybody in the press release, they're all in that category, right? Names are already public. The people in the press release, yes, although with the caveat that this goes back to Judge Wilkins' question, many of the people named in the press release, including Mr. DeLay's wife and daughter, were never indicted, let alone prosecuted or convicted. Good point. And so I don't think it is accurate to say that everyone who is at issue in this case are people whose privacy interests have been reduced in that way, and Crewe has made no argument or Crewe has not satisfied its burden that anyone who has been, quote, otherwise associated with this case has lost their privacy interests in potentially new information, new damaging information about their possible criminal past. Okay. Thank you very much. Okay. Mr. Sobel, out of time, right? You can take two minutes. And maybe you could start out by responding to counsel's citation of this Watergate case. It says, conspiracy is not enough. The question is a citation to fund for constitutional government. I think, as the Court has already recognized, the issue was not addressed in that case. We discussed this in pages 15 through 16 of our reply brief, the fact that the requester in that case was arguing that because the individuals whose names were at issue were public officials, that they did not have a privacy interest. It was not the argument that those individuals had already been convicted, as is the case here. And, in fact, in summing up the holding, the Court said we do not state a per se rule that in every case where individuals have been investigated but not charged with a crime that the information is properly exempt. So that issue was not before the Court. You're not only talking about people who have been convicted, right? I'm sorry, Your Honor? We're not only talking about people who have been convicted. No, but that's an important point to make, that we're talking about people, a number of individuals who are differently situated. I mean, the government is trying to lump everyone into one per se category, and for some reason they've distinguished Mr. Abramoff from everyone else. So their position, which they haven't explained, is that all third parties except Jack Abramoff have to be protected, but there are individuals who are similarly situated with Mr. Abramoff, those individuals who, per the press releases, were tried and convicted. So the government says it's our burden, but we've come forward with our burden by identifying I think it's 17 individuals who, as reflected in the press releases, have been convicted, and the government has not really come back with an answer as to why those individuals should be treated the same as somebody whose name has never publicly surfaced in the context of this investigation. I guess what I'm trying to understand is the document that's at JA-296 that you spoke about in your first part, it's a summary of, I guess, why this case was closed. Correct. And then it says, at this bottom of the page, it says, the investigation attempted to determine if redacted, conspired to commit honest services fraud by accepting things of value from lobbyists including Jack Abramoff, etc., etc. In addition, the investigation attempted to determine if redacted, conspired with Delay to commit honest services fraud by providing things of value to Delay. And then it ends. Correct. I'm maybe not the sharpest knife in the drawer, but I think I'm a pretty smart guy. How is it, if I were to know the names of the people there in the redacted, that that's going to tell me anything about whether the government went easy on Delay, just looking at that document? Well, I think we're all talking somewhat hypothetically on it because we don't know what those names are. But, for instance, if those were individuals who were tried and convicted, that's part of the larger picture that is currently not available to the public, that Delay's relationships with individuals who were ultimately convicted were investigated, and for whatever reason, hopefully we will learn more about the reasons, the underlying reasons for the decision not to prosecute. But the FBI decided that they didn't have adequate evidence. I mean, that seems to me that's a pretty large component of the – So they were convicted of something else, but because they were convicted of something else, that tells us that it's likely then that they actually did commit some crime with respect to Delay? Well, it wasn't something else. Part of this larger investigation, which the FBI has always articulated as one large interrelated investigation centering around Abramoff. So if individuals who were convicted of corruption in terms of their relationship with Abramoff were investigated with respect to their relationship and involvement with Delay, I would say that's about as relevant as we could imagine to this investigation. It's not as if we're talking about a child pornography conviction 10 years ago. We're not trying to tie disparate criminal activity together. This is part, in the FBI's own telling, of the same tapestry. So that's the argument, that this is not unrelated. Well, and Crew 1 described the public interest here pretty specifically. It did. It said that the specific public interest here is material that's going to show what the strength of the case was, so to speak, against Delay. Whether the government had the evidence and decided to pull its punches, I think, is part of the language. So just like saying, well, the purpose of the investigation was to determine whether so-and-so conspired with Delay. And we don't know who the so-and-so was, but if we were to know the so-and-so, that's going to tell us whether they pulled their punches or not. Potentially, Your Honor, yes, because that then enters into the analysis all of the information that was developed during the trials of the individuals, assuming that these were individuals who were tried and convicted. So I would say yes. I can't imagine... We already know. You know who was tried and convicted. We all know that. Yes, that's the point, but we don't know the extent to which those same individuals were investigated in terms of their relationship with Delay as part of the same broad investigation. So it's clearly a piece of the same picture, and this piece is being obscured. But I guess we're going to continue to talk past each other. But if you know from whatever's been revealed in public, whatever the evidence is against these other people, I don't see how you can provide whatever link in the chain from that. You don't need the names in these documents to show whether or not these people have some additional connection to Delay. Well, Your Honor, if their names are withheld, if only two names are revealed in these records at the moment which are Tom Delay and Jack Abramoff, it's impossible to assess, in the agency's words, the connections and associations of Mr. Delay with anyone else. So that's the issue. We're trying to learn the connections and associations that were investigated between Mr. Delay and, among others, individuals who were convicted. So that's the best I think I can say in response to the Court's question. Anything else?  Thank you. Thank you. Case submitted.
judges: Tatel, Srinivasan, Wilkins